Case 6:15-cv-02299-RFD-PJH   Document 1-1   Filed 08/27/15   Page 1 of 6 PageID #: 6

 **CT Corporation**

**Service of Process Transmittal**
10/06/2014
CT Log Number 525816799

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th Street, MS 0215
Bentonville, AR 72716-0215

**RE:** Process Served in Louisiana

**FOR:** Wal-Mart Louisiana, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bradford Carolyn and Roger Bradford, Pltfs. vs. Wal-Mart Louisiana, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, First Set(s) of Discovery |
| **COURT/AGENCY:** | 27th Judicial District Court, Parish of St. Landry, LA<br>Case # C144257A |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On or about 06/12/14 - Wal-Mart Store - Opelousas, LA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/06/2014 at 08:50 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after service |
| **ATTORNEY(S) / SENDER(S):** | Joshua M. Lewis<br>Lewis & Lewis<br>110 Travis St. #204<br>Lafayette, LA 70503<br>225-803-1357 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2014, Expected Purge Date: 10/11/2014<br>Image SOP<br>Email Notification, Candiss Golaszweski-CT East CLS VerificationEast@wolterskluwer.com<br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 5615 Corporate Blvd<br>Suite 400B<br>Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Page 1 of 1 / SW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

```
                            CITATION
                         STATE OF LOUISIANA
```

| CAROLYN BRADFORD ETVIR | 27th JUDICIAL DISTRICT COURT |
|---|---|
| vs | PARISH OF ST. LANDRY |
| WALMART LOUISIANA ETAL | CIVIL NO. C-144257A |

TO THE DEFENDANT   **WALMART LOUISIANA, LLC THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM 5615 CORPORATE BLVD. STE. 400B BATON ROUGE, LA 70808**

You are hereby summoned to comply with the demand contained in the petition/of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 27th Judicial District Court in and for the Parish of St. Landry, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable the Judges of said Court, this __19TH__ day of __SEPTEMBER__, A. D. 2014.

Issued and delivered   __SEPTEMBER 22, 2014__

                                          _Gracie Savage_
                                          Deputy Clerk of Court

REQUESTED BY:   JOSHUA LEWIS

27th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. LANDRY

STATE OF LOUISIANA

CASE NO.: 14-C-4257  DIV. A

CAROLYN BRADFORD; ROGER BRADFORD

VS.

WAL-MART LOUISIANA, LLC; REDDY ICE CORPORATION; KIMBERLY COLEMAN; JOHN DOE REDDY ICE EMPLOYEE; JOHN DOE WAL-MART EMPLOYEE

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Carolyn Bradford and her husband, Roger Bradford, who sue the defendants as follows:

#### The Parties

1.

(A) Defendant, Wal-Mart Louisiana, LLC., is a Delaware corporation licensed to do business in Louisiana with its registered address at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA. 70808;

(B) Defendant, Reddy Ice Corporation, is a Nevada corporation licensed to do business in the State of Louisiana with its registered address also at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA. 70808;

(C) Defendant, Kimberly Coleman, is a Louisiana resident believed to be domiciled in the Parish of St. Landry;

(D) Fictitious Defendant, John Doe Reddy Ice Employee, is believed to be a Louisiana resident;

(E) Fictitious Defendant, John Doe Wal-Mart Employee, is believed to be a Louisiana resident;

#### Facts

2.

On or about June 12, 2014, petitioner, Carolyn Bradford, arrived at the Wal-Mart store in Opelousas, Louisiana.

3.

Upon entering the grocery side of the store she noticed an individual(s) ("iceman") loading ice into the ice machine located adjacent to the store entrance. The "iceman" was wearing a shirt or jacket with a "Wal-Mart" logo on it.

4.

1

After completing shopping, Mrs. Bradford checked out and proceeded to exit the store. While proceeding to the exit she slipped and fell in what was apparently water from melted ice left behind by the iceman. Several Wal-Mart employees, who immediately began to mop, were in close proximity to the water on the floor and witnessed her fall.

5.

Petitioner suffered severe injuries as a result of the fall, most notably to her lumbar spine, and has amassed thousands of dollars in medical and other expenses. She is entitled to recover for all special and general damages, including pain and suffering, to which she is entitled under the law. Her husband, Roger Bradford, is entitled to recover for his loss of consortium.

6.

The but-for and proximate cause of the fall was the negligence of the Wal-Mart iceman employee who, acting in the course and scope of employment, allowed ice, or water from melted ice, to accumulate on the ground. The iceman was further negligent in that he failed to check the area in close proximity to the ice machine for ice or water that would present a slip and fall hazard.

7.

Additionally, or in the alternative, the but-for and proximate cause of the fall was the negligence of the Reddy Ice iceman employee who, acting in the course and scope of employment, allowed ice, or water from melted ice, to accumulate on the ground. The iceman was further negligent in that he failed to check the area in close proximity to the ice machine for ice or water that would present a slip and fall hazard.

8.

Additionally, Reddy Ice was negligent in their training of their employees, including the iceman, and in failure to establish the necessary protocols to prevent, monitor and/or clean up spills that may be left behind by their employees, including the iceman.

9.

Additionally, Wal-Mart was negligent in their training of their employees, including the iceman, and in failure to establish the necessary protocols to prevent, monitor and/or clean up spills that may be left behind by their employees, including the iceman.

10.

Additionally, Wal-Mart is liable for failing to place rubber or some other non-skid or liquid absorbing mat in front of its ice machines where it is reasonably foreseeable that water will accumulate on the ground because of melted ice both from customers and re-stocking of the ice machine.

11.

Additionally, the water was on the ground for such a period of time that Wal-Mart employees would have discovered the spill if they had been exercising reasonable care. This is especially true considering the high traffic location of the spill and the close proximity of the numerous employees.

12.

As manager of the Wal-Mart store in Opelousas, defendant, Kimberly Coleman, is liable *in solido* with the defendants because of her failure to train and monitor her employees and/or third-party vendors. She is also liable for her failure to put in place existing Wal-Mart protocols that would have prevented the accident.

13.

Additionally, or in the alternative, Wal-Mart and Reddy Ice are liable because of improper maintenance of the Reddy Ice machine that was located in the store. Both parties had actual or constructive knowledge that there was a problem with the machine and failed to take action that would have prevented the machine from leaking water on to the floor and causing the accident.

14.

Wal-Mart and Reddy Ice are responsible for the negligent acts of their employees mentioned above under the doctrine of *respondeat superior* as each employee's acts or omissions occurred within the course and scope of their employment with the defendants.

WHEREFORE, Petitioners pray that judgment be rendered in their favor and against defendants, *in solido*, for all damages supported by the law and evidence, together with legal interest on all sums awarded from the date of judicial demand until paid, and for all costs of these proceedings, including legal interest thereon.

Respectfully submitted:

*John M. Lewis*

JOSHUA M. LEWIS (No. 33244)
Lewis & Lewis
110 Travis St., #204
Lafayette, LA. 70503
(225) 803-1357
(225) 341-8162 (facsimile)
Attorney for Petitioners

PLEASE SERVE:

Wal-Mart Louisiana, LLC., through its registered agent:
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA. 70808

Reddy Ice Corporation
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA. 70808

[Stamp: September 19, 2014 — Lacy Savage, Dy. Clerk]

[Stamp: OPELOUSAS, LOUISIANA 9-22-2014 — This is to certify that the above is a true and correct copy of the original on file in the office of the Clerk of Court of St. Landry Parish. Lacy Savage, Deputy Clerk of Court]

4